# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                      Case No. 3:07-cr-134-J-34MCR

ANDRE MAURICE WALKER,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on pro se Defendant Andre Maurice Walker's "Application for Order to Show Cause," which the Court construes as a motion to compel a substantial assistance reduction (Doc. 70, Motion), filed on August 11, 2014. The United States responded in opposition to the Motion on September 12, 2014. United States' Response in Opposition to Defendant's Application for Order to Show Cause (Doc. 73, Response). Walker subsequently filed Petitioner's Reply to Government's Response in Opposition for Order to Show Cause on September 19, 2014 (Doc. 74, Reply). Accordingly, the Motion is ripe for review.

**I.    Background**

On September 13, 2007, Walker signed a plea agreement and pled guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Doc. 30, Plea Agreement at 1). Walker agreed to "cooperate fully with the United States in the investigation and prosecution of other persons." Id. at 3. Walker agreed that the United States Attorney ("USA") for the Middle District of Florida would have the sole discretion in determining whether any cooperation he provided qualified as

-1-

"substantial assistance" warranting the filing of a motion to reduce his sentence. Id. at 4. Walker also agreed not to "challenge that determination, whether by appeal, collateral attack, or otherwise." Id. On December 1, 2008, the United States requested a two-level reduction in Walker's offense level for providing "substantial assistance" to law enforcement. (See Doc. 49, Motion by the United States for Reduction of Defendant's Sentence). At Walker's sentencing hearing, on January 26, 2009, this Court imposed a prison sentence of 151 months, which was a 37-month reduction from the 188-month low end of his advisory guidelines range, and below the 180-month mandatory minimum sentence under 18 U.S.C. § 924(e). Response at 2, 5. On May 6, 2011, the United States requested an additional sentence reduction for Walker's "substantial assistance" in the trial of United States v. Leondray Gibson. (See Doc. 64, Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b)). The Court granted the motion, and on May 11, 2011, further reduced Walker's sentence to 130 months' imprisonment. (See Doc. 65, Order Granting Substantial Assistance Reduction).

Late in 2011, attorney Mark Rosenblum inquired about a Rule 35 Motion for Walker's cooperation in United States v. Jabari Hird, which Walker had provided prior to sentencing. Response at 6. Assistant United States Attorney ("AUSA") Tyson Duva responded that the Hird matter had already been recognized, and that it was not the "office's present intent to file a third substantial[-]assistance motion." Id. Mr. Rosenblum replied that he would "pass the info on to [Walker]." Id. In 2012, Walker also assisted the prosecution in the case of State of Florida v. David Gay. Id. at 7. In that instance, Assistant State Attorney ("ASA") Christine Shiver Brown signed a letter stating that Walker had helped with the Gay case and that throughout their interaction she told Walker

that it would be up to the AUSA to determine if any additional credit would be given for his cooperation. Motion at 6. On September 20, 2013, Walker filed a Motion to Enforce the Plea Agreement (Doc. 66) because no sentence reduction was given to him for assisting with the Hird or Gay cases. See Response at 6-7; Motion to Enforce Plea Agreement at 2. The Court denied that motion on October 29, 2013. See Order Denying Motion to Enforce Plea Agreement (Doc. 69). On August 11, 2014, Walker filed the current Motion, contending that there are no "'legitimate' reasons for the [G]overnment to ignore his tremendous efforts and assistance including in[-]court testimony that has resulted in threats to his own safety as well as that of his family."[1] Motion at 3.

**II.     Discussion**

Rule 35(b) states that "the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." See Federal Rules of Criminal Procedure, Rule 35(b)(1). However, the Eleventh Circuit Court of Appeals has long held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." See United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S 181, 185 (1992)); see also United States v. Dorsey, 554 F.3d 958, 960-61 (11th Cir. 2009); United States v. Rojas-Santana, 180 F. App'x 887, 888 (11th Cir. 2006); United States v. Morales, 239 F. App'x 533, 535 (11th Cir. 2007) (per curiam) (internal citations omitted). Indeed, the government has "virtually unfettered discretion" in deciding whether to file a

---

[1] Defendant is referring to his testimony at David Gay's sentencing in State of Fla. v. David Gay. See Motion at 6.

substantial-assistance motion. Murphy v. United States, 634 F.3d 1303, 1313 (11th Cir. 2011).

"[A] defendant cannot show that he is entitled to a remedy, discovery, or even an evidentiary hearing, either by claiming generally that he provided substantial assistance, or by making 'additional but generalized allegations of improper motive.'" United States v. Gilmore, 149 F. App'x 883, 887 (11th Cir. 2005) (quoting Wade, 504 U.S. at 186). However, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, such as race or religion." United States v. Spann, 2014 WL 7273919 at *2 (11th Cir. 2014) (citing Wade, 504 U.S. at 186). However, such "[J]udicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Id. (emphasis and alteration in original) (quoting Dorsey, 554 F.3d at 961). "Absent a 'substantial threshold showing,' the defendant has no right to relief, discovery or an evidentiary hearing." Id. (citing Wade, 504 U.S. at 186).

Walker has neither alleged nor made a "substantial threshold showing" that the Government refused to file a Rule 35(b) motion for unconstitutional reasons such as race or religion. Walker states that the Government has "reneg[ed]" on their promise to grant Defendant a sentence reduction, which is "akin to fraud," and "cannot be tolerated." Reply at 3. However, Walker has not provided any evidence that suggests a sentence reduction was promised to him for assisting with the Hird or Gay cases. Although Walker asserts that AUSA Duva promised to "move the court for a Rule 35" for assisting with the

-4-

prosecution of Jabare Hird, Reply at 2-3, he points to no evidence to support the assertion. Also, Walker asserts that ASA Brown made a recommendation that he "receive reward for his help" in the Gay case. Id. at 3-4. However, according to the evidence he provides, ASA Brown never promised any credit to Walker's sentence. See Motion at 6. Rather, ASA Brown correctly stated that any sentence reduction would be up to the AUSA. Id. In any event, when a plea agreement, such as the one here, states that it is within the government's sole discretion to file a motion relating to substantial assistance, "the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach." Spann, 2014 WL 7273919 at *2 (quoting Morales, 239 F. App'x at 535); see also Forney, 9 F.3d at 1500-02, n.2. "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." Gilmore, 149 F. App'x. at 887 (quoting United States v. Orozco, 160 F.3d 1309, 1316 (11th Cir. 1998)). Therefore, there is no guarantee that a defendant will receive a sentence reduction for assisting the government. Id. at 887-88 (citing Orozco, 160 F.3d at 1316 n.10).

Moreover, Walker did receive a sentence reduction, on two separate occasions. Based on his substantial assistance, the Court reduced Walker's sentence by a total of 58 months from the 188-month low end of his guidelines range. The Court finds that Walker is not entitled to an order compelling the United States to file a third motion for a substantial assistance reduction, and that no unconstitutional motives played a part in the United States' decision. Accordingly, it is hereby

**ORDERED:**

Defendant Andre Maurice Walker's Application for Order to Show Cause, construed as a motion to compel a substantial assistance reduction (Doc. 70), is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of May, 2017.

MARCIA MORALES HOWARD
United States District Judge

i33

Copies to:

Counsel of Record